## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **CABINETS BY PERRIER, INC.,** | * | **CIVIL ACTION** |
| **Plaintiff** | * | |
| | * | |
| | * | **CASE NO:  11-3051** |
| | * | **c/w 13-630** |
| **VERSUS** | * | |
| | * | |
| **POLYAIR, INC.** | * | **SECTION "E"** |
| **Defendant** | * | |
| | * | |
| **Applies To:  13-630** | * | |
| | * | |

\*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*

## FIRST SUPPLEMENTAL AND AMENDING

## CLASS ACTION PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel comes Plaintiffs herein, Wayne Larsen, Thomas Gueyden, Gerald Wilds, William Thibodeaux and Earl Zimmer, (hereinafter referred to as "Plaintiffs"), who with respects represents:

I.

Plaintiffs re-aver and re-allege each and every allegation in the original Class Action Petition for Damages, as if copied herein *in extenso*.

II.

Made additional Defendant herein is American Home Assurance Company, a wholly owned captive insurer under the AIG umbrella of companies.

III.

At all times pertinent herein, American Home Assurance Company provided a

Commercial General Liability Policy and Umbrella Liability Policy to Polyair, Inc., that would provide insurance coverage for damages sustained by Plaintiffs.

IV.

The failure of the insulating product manufactured by Polyair, Inc., has resulting in wide-ranging damage by plaintiffs and putative class members, such as business income losses incurred while the product is being replaced, damage to other parts of the building that are impacted due to the replacement of the insulation, falling sheets of insulation have damaged machinery and collector automobiles directly under the failing insulation, the insulation has been sucked into air intakes of both machines and automobiles and employees of business plaintiffs have been subjected to extreme heat during working hours that the insulation was intended to prevent.

V.

This Court has jurisdiction insofar as American Home Assurance Company is a Foreign Insurer domiciled outside of Louisiana and the amount in controversy herein greatly exceeds $75,000. Furthermore, jurisdiction and venue is proper in this Court under the Class Action Fairness Act.

VI.

Plaintiffs assert the applicability of the Louisiana Direct Action Statute, La. R.S. 22:1269, with regard to American Home Assurance Company.

VII.

Plaintiffs file this action individually, and on behalf of all persons similarly situated who purchased a FlexFoil manufactured by Polyair, Inc. and installed in a residential or commercial business in Louisiana. The policies of Insurance provided by American Home Assurance

Company provide coverage for the damages sustained by Plaintiffs.

VIII.

Venue is proper pursuant to 28 U.S.C. §1391(a) because:  1) a substantial part of the events giving rise to this action occurred in this District; 2) a substantial part of the property that is the subject of this action is located in this District; and 3) Polyair, Inc. and American Home Assurance Company are subject to the personal jurisdiction of this Court.

IX.

Plaintiffs seek to bring this case as a class action, under Federal Rule of Civil Procedure 23, et seq., on behalf of themselves and all other similarly situated in the State of Louisiana as members of the Class, defined as follows:

> All Persons who own or owned Property in the State of Louisiana in which FlexFoil, manufactured by Polyair, Inc., was or is used as an insulating product in that property. Excluded from the Class is Defendant, any entity in which Defendant has a controlling entity or which has a controlling interest of Defendant, and Defendant's legal representative, assigns and successors.  Also excluded is the judge to whom this case is assigned and any member of the judge's immediate family.

X.

The deterioration of the FlexFoil system has harmed and continues to harm homes, offices, buildings and other structures in which it is installed throughout the State of Louisiana. The members of the Class are so numerous the joinder of all members is impracticable.

XI.

The exact numbers of Class members is unknown, as such information is in the exclusive control of Defendant.  However, due to the nature of trade and commerce involved, Plaintiffs believe the class consists of thousands of consumers throughout the State of Louisiana, making joinder of Class members impracticable.

XII.

Common questions of law and fact affect each Class member and a common relief by way of damages is sought for Plaintiff Class members.

## XIII.

The claims and defenses of the Plaintiffs as representative Plaintiffs, are typical of the claims and defenses of the class.

## XIV.

Larsen, Gueyden, Wilds, Thibodeaux and Zimmer, as the representative Plaintiffs, will fairly and adequately assert and protect the interests of the class:

    a. Plaintiffs have hired attorneys who are experienced in prosecuting class actions claims and will adequately represent the interest of the class; and

    b. Plaintiffs have no conflict of interest that will interfere with the maintenance of this class action.

To the knowledge of Plaintiffs, there are no unusual legal or factual issues that would create manageability problems for this Class; prosecution of separate actions by individual members of the Class would create a risk of inconsistent and varying adjudications against defendant.

**WHEREFORE**, Plaintiffs, on their own behalf and on behalf of the Class, pray that the Court:

1. Determine that under Federal Rule of Civil Procedure 23, *et seq*., this civil action may be maintained as a class action, and certify it as such;

2. Order that judgment is entered for Plaintiffs and the Class on their claims against Polyair and American Home Assurance Company on all counts above;

3. Award Plaintiffs and the Class damages, as determined at trial, with interest;

4.  Require Polyair to establish a periodic inspection program of the FlexFoil system;

5.  Award Plaintiffs and Class their costs, including counsel and experts' fees, prejudgment interest and such other and further relief as this Court may deem just and proper.

6.  Deem any coverage defenses of American Home Assurance Company inapplicable to the matters herein and that coverage is provided for the damages sustained by Plaintiffs;

Plaintiff hereby demands a trial by Jury on all issues so properly triable thereby.

Respectfully submitted,

**HUBER, SLACK, THOMAS
& MARCELE, LLP**

By:  ____/s/  Todd R. Slack_____
**TODD R. SLACK, BAR #24647**
1100 Poydras Street, Suite 1405
New Orleans, LA  70163
Telephone: (504) 274-2500
Facsimile:   (504) 910-0838
**COUNSEL FOR PLAINTIFFS**

**American Home Assurance Company**
Through the Louisiana Secretary of State
P.O. Box 94125
Baton Rouge, LA 70804-9125